IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____
(To be supplied by the court)

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**FEB 20 2025**

JEFFREY P. COLWELL
CLERK

Brittany Thomas #173178 , Plaintiff

v.

1.) Officer Heinonen, 3.) Officer Gargan,

2.) Officer Villatoro 4.) Officer Frazier,

Colorado Dept of Corrections ,

_____, Defendant(s).

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.*)

## PRISONER COMPLAINT

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

**A. PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Brittany Thomas #173178
(Name, prisoner identification number, and complete mailing address)

1401 W. 17th Street, Pueblo, Co, 81003
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

___ Pretrial detainee
___ Civilly committed detainee
___ Immigration detainee
_X_ Convicted and sentenced state prisoner
___ Convicted and sentenced federal prisoner
___ Other: (*Please explain*) _____

**B. DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: Officer Heinonen          P.O Box 392005
(Name, job title, and complete mailing address)

3600 Havana Street, Denver, Co, 80239

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (*check one*). Briefly explain:

A DOC employee, A Corrections Officer

Defendant 1 is being sued in his/her _X_ individual and/or _X_ official capacity.

Defendant 2: officer Villatoro                        P.o box 392005
(Name, job title, and complete mailing address)

3600 Havana Street, Denver, CO, 80239

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  X Yes ___ No (*check one*).  Briefly explain:

Correctional officer at CDOC

Defendant 2 is being sued in his/her X individual and/or ☒ official capacity.

Defendant 3: officer Frazier                          P.o box 392005
(Name, job title, and complete mailing address)

3600 Havana St, Denver, CO, 80239

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  X Yes ___ No (*check one*).  Briefly explain:

Correctional officer at CDOC

Defendant 3 is being sued in his/her X individual and/or ___ official capacity.

## C. JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

X   42 U.S.C. § 1983 (state, county, and municipal defendants)

___   *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

___   Other: (*please identify*) _____

3

**D.    STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: Excessive Force, Personal Safety, Use of force by Staff,

Supporting facts: Cruel and Unusual punishment clause of the 8th Amendment, 4th Amendment's Unreasonable Siezure

- Excessive Force was Applied maliciously and sadistically to cause Harm, by two officers, and the rest of the defendants were deliberately indifferent by not intervening in the excessive force. There was no need to use force at all and there is other evidence of malicious and Sadistic behavior.

Please See Attached Statement of facts

E.  **PREVIOUS LAWSUITS**

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ___ Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s): _____

Docket number and court: _____

Claims raised: _____

Disposition: (is the case still pending?
has it been dismissed?; was relief granted?) _____

Reasons for dismissal, if dismissed: _____

Result on appeal, if appealed: _____


F.  **ADMINISTRATIVE REMEDIES**

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

   ___ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

   ___ Yes ___ No (*check one*)

G. **REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

H. **PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

_____
(Date)

(Form Revised December 2017)

1) Statement of claims

I was at Denver women's correctional facility in unit #5, I got into a physical altercation with someone then I walked to chow hall when they called it and I was standing in line with everyone from unit 5, I was about to enter the chowhall when officers Villatoro and Heinonen came in and said "cuff up" (yelling automatically). So I turn and put my hands behind my back and they cuffed me up. I started to laugh at the officer and this pissed her off and made her mad so she goes to pull me off the wall and throws me onto the ground without giving me the chance to walk back to my unit 4. Both officers throw all their weight onto my back, squishing my chest so I can't breath, both put each tazor on each side of me touching my sides then tazed me. They yank me up by the bottom of my arms, hurting my shoulders. Officer Heinonen screamed in my face to "walk" so I start walking, then I get 20-30 yards, Heinonen yelled to "walk faster" and I laughed again because I was walking so then she threw me to the ground again by yanking me to the ground, then she put her boot on the side of my head and applied all her weight while the other officer put his closed fist to my cheek also holding me down then they ordered me to stand so I could be placed in the chair

and I complied and sat down in the chair for them. Then the shift commander came out and said "Who tazed her" and they both said they did, he brought them into the building, where I couldn't hear them then they came out and took me to Unit 4 the shift commander uncuffed me and I saw medical who noticed I had a really swollen wrist and I reported pain in my shoulders, back, neck, and ribs. Later on I noticed bruises all over my back and I had a pinched nerve shooting pain down my right arm, now four months later I have shooting sharp pain down my right side when I bend over to pick something up and shooting pain down my right arm that sometimes falls asleep. I have a pinched nerve and I am still seeing the provider for a slipped disk in my back. I also had severly bruised ribs based on the pain I was having but I was never taken to do an x-ray, instead I was transferred to the La-Vista facility, where I am still seeing the provider for this issue. I never once resisted the officers, I was not aggressive with them, and every order they gave me I complied. This was all done in front of all the people waiting in line to eat I have several statements and two declerations from witnesses who were there and are willing to testify. After I was

placed in the handcuffs initially. I laughed because officer Heinonen was confused about who she was supposed to arrest. She was asking all the inmates near by "who was the one that." And everyone stayed silent so I laughed at her and thats why she all of a sudden threw me face down. She used all her weight both times she and Villatoro threw me down. This is a 6ft 300lb officer, she is not small at all. And when they both had their weight on my back all I said to them was "I can't breath." Then when she threw me down outside the second time, even though I was walking, she threw me on the ground again and told me to "not move" so I tried to stay still but her boot and weight were on the side of my head and Villatoro had his fist in my face. Her leg and weight were already excessive then he added his fist and weight also. I kept saying as loud as I could that "Im not moving" and "Im not doing anything" she pushed off my head once more before she told me to stand up. I complied with all of her commands and not once did I tell them no or show them that I wasnt listening. I had no problem being cuffed up and no problem walking with them, she

kept screaming in my face to "walk" but I was clearly walking. This officer was extremely excessive and both times I was thrown onto the ground I was in alot of pain, my neck and back hurt for almost two weeks, my ribs were hurt because it was painful to breath in and sore for weeks. I was told that the officer Heinonen was getting a write-up and she was prevented from working around the inmates for a while.

Officer Gargain and officer Frazier were the two officers who were in the chowhall who watched the whole incident through the windows, officer Frazier told all the inmates to "get away from the windows" and to sit down, she closed the chowhall door and locked it. Both times I was thrown down I could see the other two officers watching, then I could hear officer Frazier yelling at people to stop watching. I spoke to officer Gargain after the incident and he told me that he is willing to "speak on my behalf", but I included officers Gargain and Frazier because they both just stood by and watched through the windows as officer Heinonen screamed in my face and stepped on the side of my head, officer Frazier watched me be tazed even though I was thrown to the ground for laughing, I wasn't even resisting at all. At one point when I was first cuffed, I attempted to pull up my pants but that's all.

To Whom it may Concern;

I, Nicole Schriner, DOC# 186609, was witness to viewing Brittany Thomas, DOC# 173178, get cuffed up, tazed & tackled & then put in the restraint chair on ~~9/4~~ 9/4/24 @ 4pm chow time. This was an excessive use of force used upon a already subdued inmate, once cuffed up the inmate is no longer a threat but to taze one & tackle be held down until the restraint chair was brought by 3 of the 4 guards was a serious use of excessive non necessary need of force she was no longer a harm to herself or others once cuffed up. This is what I saw & witnessed in the chow hall @ the second row, closest table to the windows facing the west side where I seen & witnessed what I described above. Written to the best of my ability in my clear conscience mind not influenced by any one or any inhabitants. Sincerly Nicole Schriner

7-28-24 @ 5:20pm

I India Price-DOC #191365 seen inmate Brittani Thomas DOC # [?] of being handled. I tried to sit but Mrs. Thomas was being handled with a lot of aggression and force which looked like to myself that if I caused a lot of pain and I feel the officers [were] going as I told but the [were] hard and taking it out on her.

India Price #191365

I am grieving this incident as excessive force because I followed all their request but I was still thrown to the ground and tazed while I was handcuffed because officer Heinonen said I wasn't walking fast enough. When I was on my stomach handcuffed in the grass she placed her boot and all her weight on the side of my head. What Directives did I not follow for her to step on my head? I want to exghaust all my administrative remedies according to the P.L.R.A so I can file my 1983 Prisoner Complaint. I want it to also be known that after the incident occured officer Heinonen admitted she used excessive force and stated off well sue me and get your little 20,000 Dollars!! She is too aggressive. And you stated in the Response I did not follow Directives but no COPD charges were filed. No charges were filed Because I didnt do anything

wrong Makeing all this excessive force. I was asked to put my hands behind my back and I did so immediately I was asked to walk and I was walking the screaming in my face, Tazing me, stepping on my head was all excessive because I wasn't resisting and I didn't Diserve to be tazed just because I laughed at the officer

And we all went inside the chow Hall, I continued to watch and Alot of us were standing at the windows watching, I saw them walking slowly then Heinonen yelled in Brittany's face right before she stopped walking and threw Brittany down to the ground again, Heinonen put her foot on the side of Brittany's head And Villatoro put his fist in her face As well, At this time the Female officer inside the chow hall who saw the whole thing told everyone to "get away from the windows and sit down". I spoke to both officers in the chow hall And told them "She is stepping on Brittany's Head" I was upset, then the female officer walked up to me and told me to sit down, so I did And she walked up to the doors, looked out the window towards Brittany And locked the door And walked Away. Neither of the officers did anything even though they watched Heinonen treat Brittany Really Bad.

Every time I have seen officer Heinonen, she is Always screaming in Someones face, she has A really bad and short temper and she is not a small officer, she is Huge, maybe three times the size of Brittany. Officer Villatoro Also treats inmates really bad, I've seen him call an inmate a "Trash Ass Bitch" And He Always refers to us As "Bitch". Not one time Did I see Brittany Resist or not do what the officers asked of Her. They tazed Her for No Reason.

Declaration of Yvonne Peterson    12/1/2024

I am over 18 and the facts stated herein are true and accurate to the best of my ability, under penalty of perjury. I have first hand knowledge of the following:

I am an inmate at D.O.C and I was standing in line behind Brittany when I saw the two officers walk up to Brittany and tell her to "cuff up." Right before they put the handcuffs on they both looked really confused because I think they were confused on who they were supposed to arrest because I heard officer Heinonen say "Brittany Thomas?" on her radio, then she looked around at all of us for about 10-15 seconds before Brittany walked towards the wall faceing it to put her hands behind her back. Officer Heinonen screamed out loud to cuff up even though Brittany was already faceing the wall for her. Someone said out loud "She didn't know who to arrest!" and we all started to laugh at her. Brittany made a comment but at the time I couldn't hear what she said, but ~~she~~ Heinonen cuffed her up then grabbed Brittany by her shirt and threw her onto the ground. Both the officers put their knees on Brittany's back and started to yell "stop resisting", and Brittany was yelling "I'm not doing anything" then they both pulled their tazors and put them up against Brittany's sides, one on each side and tazed her. Then Heinonen grabbed Brittany's wrists and yanked her up without helping her



Colorado Department of Corrections
Name: Jeffery R. Thomas
Register Number: 193178
Unit: 5
Box Number: 1451 W 17th st
City, State, Zip: Pueblo Colorado 81003

901 - 19th
Room A-105
Denver Colorado 80249

DENVER CO 802
18 FEB 2025 PM 9