IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00568-CYC

BRITTANY THOMAS,

Plaintiff,

v.

HEINONEN, Officer,

Defendant.

---

# ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter is before the Court on the Defendant's Motion to Reopen Discovery and Rule 37 Motion to Compel. ECF No. 50. Because the plaintiff has failed to participate in the discovery process during the time allotted under the Court's scheduling order, the motion is **GRANTED**.

## BACKGROUND

In this 28 U.S.C. § 1983 action, the pro se plaintiff alleges that the defendant subjected her to the excessive use of force on one occasion while she was a state prisoner. ECF No. 7. The plaintiff was released from prison at some point in late 2025. *See* ECF No. 42.

The Court entered a scheduling order on January 29, 2026. ECF No. 49. The scheduling order required discovery to be complete by July 31, 2026. *Id.* at 8. Initial disclosures under Fed. R. Civ. P. 26(a)(1) were due on January 15. *Id.* at 4.

To date, the plaintiff has not provided her initial disclosures, despite the defendant's repeated requests. ECF No. 50 ¶ 2; ECF No. 50-2 at 2; ECF No. 50-4 at 2; ECF No. 50-8 at 1.

The plaintiff has also not sat for her deposition. The defendant emailed the plaintiff on April 8 to schedule her deposition. ECF No. 50-8. The plaintiff did not answer until May 12, responding that she was available the next day. *Id.* The parties agreed to a deposition on June 11 at 9:00 a.m., and the defendant provided official notice of the deposition on May 28. ECF No. 50-2 at 1. The defendant sent two email reminders to the plaintiff in the days before the deposition, *id.* at 2–3, but she did not appear at the appointed time. ECF No. 50-3 at 1. The parties agreed to reschedule the deposition for June 25 at 11:00 a.m., and the defendant provided official notice of the rescheduled deposition on June 12. ECF No. 50-4. The defendant emailed and called the plaintiff on the morning of the rescheduled deposition, ECF Nos. 50-5, 50-6, but the plaintiff again failed to appear. ECF No. 50-7.

The defendant attempted to confer with the plaintiff prior to filing the instant motion, but was "unable to reach her via phone or email, despite repeated attempts." ECF No. 50 at 1. In a minute order, the Court granted the plaintiff until October 30, in total, over six weeks, to respond to the motion, warning that the Court would otherwise decide the motion without the benefit of her point of view. ECF No. 51. The plaintiff never filed a response, and the Court's minute order, mailed to the plaintiff's address of record, was returned undeliverable. ECF No. 52.

## ANALYSIS

"Although a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard then formal pleadings drafted by lawyers," pro se parties are constrained "to follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation marks, alterations, and citations omitted). Like any other litigant, a pro se party must participate in discovery, including making initial disclosures and sitting for a properly noticed deposition. *See, e.g.*, *Smith v. McKune*, 345

F. App'x 317, 319–20 (10th Cir. 2009); *Richards v. City of Lovington*, Civ. No. 21-607 KG/GJF, 2022 WL 1404583, at *3 (D.N.M. Apr. 14, 2022). A pro se party is also required to keep the Court apprised of their current address and telephone number. D.C.COLO.LAttyR 5.1(c); *see also Yoder v. Samaritan House*, No. 21-cv-02899-RM-NYW, 2022 WL 22568657, at *2–3 (D. Colo. Jan. 3, 2022).

The plaintiff has plainly failed to abide these obligations. Despite multiple reminders from the defendant, she failed to tender her initial disclosures at any point during the six-month discovery period, or any time thereafter. She also no-showed two depositions that were properly noticed and scheduled with her input. With respect to the first deposition, she told the defendant that she "forgot." ECF No. 50 ¶ 3. To the Court's knowledge, she has neither proffered any explanation for missing the second deposition nor been heard from in this case since June 11. And the Court's most recent mailing to the plaintiff was returned undelivered, indicating that she has apparently failed in her duty to maintain current contact information.

The question now is what to do about these failures. The Federal Rules of Civil Procedure and the Local Rules provide that, under certain circumstances, a court may dismiss an action or order other sanctions where a plaintiff fails to participate in discovery. Fed. R. Civ. P. 37(c)(1), 37(d)(1)(A), (3), 41(b); D.C.COLO.LCivR 41.1; *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920–22 (10th Cir. 1992). However, the defendant has not asked for this relief here, and the Court will not order it *sua sponte*. Instead, the defendant asks for lesser relief: reopen discovery, compel the plaintiff's initial disclosures and deposition, and stay other deadlines until the plaintiff complies. ECF No. 50 at 1–2, 7. This relief is warranted.

At a party's request, a court may exercise its discretion to reopen discovery. *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). The court is guided by six factors: "1)

whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *Id.* Of these, diligence is the most important factor. *See Graves v. Wirta*, No. 20-cv-03595-NYW, 2022 WL 1443058, at *7 (D. Colo. May 6, 2022).

Here, the defendant's motion easily satisfies the *Smith* standard for reopening discovery. No trial date has been set, and so by definition, trial is not imminent. The plaintiff has failed to respond to the defendant's efforts to confer regarding this motion, and so her position is unknown, but regardless, it is entitled to little weight. The plaintiff will not be prejudiced by reopening discovery to provide her initial disclosures and sit for her deposition—activities that are required under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(a)(1)(C), 30(a)(1). Most importantly, the defendant was inarguably diligent in attempting to complete discovery within the scheduled period—among other evidence of diligence, she repeatedly reminded the plaintiff about her initial disclosures, worked with the plaintiff to schedule her deposition well before the close of discovery, and rescheduled the deposition when the plaintiff did not attend the first one. The plaintiff's failure to comply with discovery rendered the need for additional time unforeseeable. Finally, the plaintiff's initial disclosure and her deposition will clearly lead to relevant evidence—indeed, they are absolutely necessary.

Accordingly, discovery will be reopened for the plaintiff to provide her initial disclosures and sit for her deposition. On proper motion, Rule 37(a)(1) permits an order compelling disclosure or discovery, and so the Court compels the plaintiff's initial disclosures and deposition on that basis, as well. Finally, the other case deadlines in the scheduling order, specifically, the

deadlines for affirmative and rebuttal expert disclosures and dispositive motions, are stayed pending the plaintiff's compliance with this order. *See* Fed. R. Civ. P. 16(f) (authorizing courts to "issue any just orders" necessary where a party "fails to obey a scheduling or other pretrial order"). This Order also serves as notice to the plaintiff that continued failure to participate in discovery may result in sanctions, up to and including dismissal of the action. *See, e.g.*, *Ehrenhaus*, 965 F.2d at 920–21; *Kelly v. Market U.S.A.*, 83 F. App'x 824, 825 (10th Cir. 2003).

## CONCLUSION

For the reasons stated, the Defendant's Motion to Reopen Discovery and Rule 37 Motion to Compel, ECF No. 50, is **GRANTED**.

Discovery is **REOPENED** for 35 days from the entry of this Order for the limited purposes of obtaining the plaintiff's initial disclosures and taking her deposition.

The plaintiff's initial disclosures and deposition are **COMPELLED**. She must provide her initial disclosures to the defendant and sit for her deposition during the reopened discovery period.

The other deadlines in the scheduling order, ECF No. 49, pertaining to the disclosure of experts and dispositive motions are **STAYED** pending the plaintiff's compliance with this Order. The defendant shall contact the Court within seven (7) days of the plaintiff's compliance to request that the Court lift the stay and reset the remaining deadlines.

The Clerk of Court is directed, with thanks, to send this Order to the plaintiff at her last known address. The defendant is directed to call and email the plaintiff using the most recent available contact information to inform her of this Order, and separately attach it to the email. The defendant is also directed to maintain a log of its efforts to contact the plaintiff.

The plaintiff is **WARNED** that, even if neither the Clerk of Court nor the defendant is successful in contacting her, failure to comply with this Order may lead to dismissal of her case without prejudice without further warning.

Dated this 23rd day of November, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge